UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BERNAL AGUILAR (#465437), Plaintiff | CIVIL ACTION NO. 1:17-CV-748-P |
| VERSUS | CHIEF JUDGE DRELL |
| SANDRA SIBLEY, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Bernal Aguilar ("Aguilar") (#465437). Aguilar is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Aguilar names as defendants Sandra Sibley and Nurse Lori. Aguilar complains that Defendants deprived him of medical care, rendering him ineligible for work release. Aguilar also seeks the reinstatement of good time credits.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.  Background

Aguilar alleges that Dr. George Smith, who is no longer employed at RLCC, ordered a "full medical release" following Aguilar's hernia surgery. (Doc. 1, p. 4). Aguilar complains that Dr. Smith and Defendant Sibley changed his medication to

"psychotropic mind altering drugs" that were unnecessary and rendered him ineligible for work release.

Aguilar complains that he requested an appointment with the new RLCC physician, but Defendants rejected his requests.

## II. Law and Analysis

### A. Aguilar's complaint is subject to screening under § 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Aguilar's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Aguilar has no constitutional right to work release.

The classification of inmates is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). Moreover, an inmate has no

liberty or property interest in a work release program. See <u>Bulger v. U.S. Bureau of Prisons</u>, 65 F.3d 48 (5th Cir. 1995) (prisoners have no property interest in work release employment); <u>Welch v. Thompson</u>, 20 F.3d 636, 644 (5th Cir. 1994) (prisoners have no liberty interest in work release employment). Because Aguilar has no constitutional right to participate in work release, he cannot state a constitutional claim on that basis, even if his allegations were true.

    C.    <u>Aguilar has not alleged deliberate indifference to his serious medical needs.</u>

Aguilar complains that his request to see the new RLCC physician was denied. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, (1994); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted).

Aguilar has not alleged a serious medical need. In fact, he has alleged the opposite. Aguilar maintains that he has no medical or psychological conditions or problems. (Doc. 1, p. 4). Aguilar states that he "hold[s] a fair bill of health" and is "in full cognitive, reasoning capacity of [his] senses." (Doc. 1, p. 4). Aguilar seeks only a "preventative check-up." (Doc. 1, p. 4). Aguilar cannot establish a constitutional claim for the deprivation of medical care because he has not alleged deliberate indifference to a serious medical need.

### D. Aguilar cannot obtain the restoration of good time credits through a § 1983 suit.

Aguilar seeks the reinstatement of 506 days of jail credit and earned good time, which would entitle him to a speedier release from custody. Such relief is not available through a civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). A habeas action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994).

Aguilar should note that, prior to filing a petition for writ of habeas corpus, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Aguilar's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of August, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge